**Handwritten memo endorsement (upper right):** MEMO ENDORSED 5/11/23 — "Joint request to waive PSR is Granted" [signed]

**Stamp (upper left):** USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 5/11/23

May 9, 2023

Via ECF

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: U.S. v. Allianz Global Investors U.S. LLC, 22 Cr. 00279 (CM)

Dear Judge McMahon:

   The Government and counsel for Defendant Allianz Global Investors U.S. LLC ("AGI US") respectfully request that this Court, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), waive the Presentence Investigation Report ("PSR") in this matter. The parties submit that the information contained in the record of this case, together with the information included in this Letter, are sufficient to enable the Court to exercise its sentencing authority under 18 U.S.C. § 3553, without the need for a PSR.

   A Court may forgo a PSR if "the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the [C]ourt explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii); *see also U.S. v. Warren*, 453 F.2d 738, 744 (2d Cir. 1972) (upholding the trial court's decision to sentence without the issuance of the PSR); *U.S. v. El-Jassem*, 147 F.R.D. 22, 23 (E.D.N.Y. 1993) (explaining that "[t]he court may, in the exercise of its discretion, impose sentence in the absence of a presentence report when it has information sufficient to enable the meaningful exercise of sentencing discretion") (internal quotations omitted); *U.S. v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) (upholding sentence where lower court did not rely on PSR, citing Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. 6A1.1(a)(2) and concluding that PSRs are "not a mandatory part of the sentencing process"). "The purpose of a presentence report is to inform the judge of the facts relevant to sentencing," and "where the judge already has those facts . . . a presentence report is unnecessary." *Brown*, 557 F.3d at 299. The Second Circuit has affirmed a district court's decision to proceed to sentencing without a PSR where the district court considered "the Information, the Pretrial Services Report, and other documents, including counsels' submissions." *United States v. Martinez-Perez*, 767 F. App'x 170, 173 (2d Cir. 2019).

   The record here includes substantial information concerning AGI US's conduct in the speaking Information and accompanying Statement of Facts, as well as in the Plea Agreement and AGI US's allocution at the plea hearing held on May 17, 2022. *See generally* Information, *U.S. v. Allianz Global Investors U.S. LLC*, No. 22-cr-00279 (S.D.N.Y. May 17, 2022), ECF No. 2; Plea Agreement Ex. B (the "Statement of Facts");

The Honorable Colleen McMahon -2-

Transcript of Proceedings as to Allianz Global Investors U.S. LLC re: Conference held on 5/17/22 before Judge Loretta A. Preska at 16-17, *U.S.* v. *Allianz Global Investors U.S. LLC*, No. 22-cr-00279 (S.D.N.Y. May 20, 2022), ECF No. 5.

The Plea Agreement explains the basis for the penalty, forfeiture and restitution calculations, all of which have been paid by AGI US. *See* Plea Agreement at 4-5. Exhibit G to the Plea Agreement sets forth a Restitution Schedule cataloguing the restitution amount owed to each investor and paid by AGI US. *See* Plea Agreement Ex. G.

Moreover, AGI US has been in the process of winding down since it entered its guilty plea on May 17, 2022, and plans to legally dissolve the entity after sentencing. Given that AGI US has very little remaining business and very few remaining employees, the parties respectfully submit that it would not be an efficient use of resources to prepare a PSR.

If the Court wishes to have additional information to aid it in the imposition of a sentence without a PSR, the parties are prepared to submit any additional information requested by the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    /s                                          /s/ James M. McDonald
       Nicholas Folly                              James M. McDonald
       Margaret Graham                             Sullivan & Cromwell LLP
       Allison Nichols                             (212) 558-3030
       Assistant United States Attorneys
       (212) 637-1060/ 2923/ 2366

Cc:    John Viggiano, Esq.
       (Allianz Global Investors U.S. LLC)

       Paul Hay
       (Probation Office)