July 5, 2023

<u>Via ECF</u>

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   <u>U.S. v. Allianz Global Investors U.S. LLC, 22 Cr. 00279 (CM)</u>

Dear Judge McMahon:

The parties jointly submit this memorandum in advance of the sentencing hearing scheduled in the above-captioned matter for July 12, 2023, at 2:00 p.m.   As the Court is aware, on May 17, 2022, defendant Allianz Global Investors U.S. LLC ("AGI US") pleaded guilty to a one-count information charging securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.1 0b-5; and 18 U.S.C. § 2.

In connection with AGI US's plea, the parties entered into an agreement (the "Plea Agreement" or "PA") pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that sets forth an agreed-upon sentence consisting of the payment by AGI US of (i) a fine in the amount of $2,331,189,703.78 (the "Stipulated Fine Amount"),[1] (ii) restitution in the amount of $3,238,748,199.69 (the "Stipulated Restitution Amount"),[2] and (iii) forfeiture in the amount of $463,063,086 (the "Stipulated Forfeiture Amount"), as well as an agreement that AGI US shall, until and unless it is dissolved, cooperate fully with the Government in any and all matters relating to the conduct described in the Plea Agreement and promptly report any evidence or allegations it learns of concerning conduct that may constitute a violation of the securities laws involving employees or agents of AGI US.

---

[1]   As detailed below, the Government agreed to credit against the Stipulated Fine Amount (i) $1,887,550,009 in payments made by AGI US, or its corporate parent(s) or affiliate(s), to victims listed on Exhibit G to the Plea Agreement in excess of, for each victim, the restitution amount corresponding to that victim and (ii) the $675 million civil monetary penalty paid by AGI US to the Securities and Exchange Commission ("SEC") in connection with AGI US's parallel resolution with the SEC.

[2]   As detailed below, the Government has agreed to credit against the Stipulated Restitution Amount (i) payments made to victims listed on the restitution schedule at Exhibit G to the Plea Agreement and (ii) a payment of $131,314,739.08 to victims listed in AGI US's parallel resolution with the SEC pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

The Honorable Colleen McMahon                                        -2-
July 5, 2023

On May 11, 2023, the Court granted the parties' motion to waive the Presentence Investigation Report ("PSR") on the basis that the information contained in the record of this case, together with the information included in the parties' May 9, 2023 submission to the Court, was sufficient to enable the Court to exercise its sentencing authority under 18 U.S.C. § 3553, without the need for a PSR.

## I.    Background

As stipulated by AGI US and set forth in Exhibit B to the Plea Agreement (the "Statement of Facts" or "SOF"), beginning in at least 2014 up to and including in or about March 2020, AGI US engaged in a scheme to defraud investors in a series of private investment funds (collectively, the "Structured Alpha Funds," or the "Funds") that, at their height, had over $11 billion in assets under management.  (SOF ¶ 1).  The scheme was carried out by, among others, the three portfolio managers with primary responsibility for managing the Structured Alpha Funds, specifically, Gregoire Tournant, Trevor Taylor, and Stephen Bond-Nelson (the "Individual Defendants").  (*Id.*).  The investors that were the victims of the scheme included, among others, pension funds for teachers, religious organizations, bus drivers, and engineers.  (*Id.*).

AGI US made false and misleading statements to current and prospective investors that substantially understated the risks being taken by the Funds and overstated the level of independent risk oversight over the Funds.  (*Id.*).  Despite AGI US's representations to investors, the compliance and risk management functions at AGI US failed to maintain adequate oversight of the team managing the Funds.  (*Id.*).  AGI US also failed to disclose and sought affirmatively to withhold relevant risk information.  (*Id.*).  AGI US did this in violation of its fiduciary duties as an investment adviser, including its duty of care and its duty of loyalty.  (*Id.*).

As a result of the fraudulent scheme, the performance of the Funds, and therefore the profits that flowed to AGI US and up to its parent companies, were inflated, as was the compensation paid to the Individual Defendants.  (*Id.* ¶ 4).  After the severe market dislocations following the onset of the COVID-19 pandemic in March 2020, the Funds collectively lost more than $7 billion in value, some faced margin calls, and the Funds were ultimately shut down.  (*Id.* ¶ 5).  During this time, investor victims lost over $3.2 billion in principal.  (*Id.*).  The misconduct occurred only within the small Structured Products Group at AGI US, and the Government's investigation has not revealed evidence that anyone at AGI US outside the Structured Products Group, or at any other organizations that fall within the broader umbrella of the parent company, Allianz SE, participated in the misconduct or was aware of the misconduct before March 2020.  (*Id.* ¶ 2).  The investigation also has not revealed evidence that these control failures occurred within any other organizations that fall within the broader umbrella of the parent company.  (*Id.* ¶ 3).

## II.   Applicable Guidelines Range and Sentence

As set forth in the Plea Agreement, the parties agree that AGI US's applicable Guidelines offense level should be calculated as follows (PA 3-4):

The Honorable Colleen McMahon                                                    -3-
July 5, 2023

<u>Offense Level</u>.  Based upon USSG § 2B1.1, the total offense level is 45, calculated as follows:

| | | |
|---|---|---|
| (a)(1) | Base Offense Level | 7 |
| (b)(1)(P) | Resulting loss more than $550 million | +30 |
| (b)(2)(A)(i) | Involved 10 or more victims | +2 |
| (b)(10)(c) | Involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means | +2 |
| (b)(20)(a)(iii) | Violation of the securities act by investment Adviser, or a person associated with an investment adviser | +4 |
| | **Total Offense Level** | **45** |

<u>Base Fine</u>.  Based upon USSG § 8C2.4(a)(3), the base fine is $3,238,748,199.69 (the pecuniary loss from the offense caused by the organization).

<u>Culpability Score</u>.  Based upon USSG § 8C2.5, the culpability score is 6, calculated as follows:

| | | |
|---|---|---|
| (a) | Base Culpability Score | 5 |
| (b)(3)(A)(i) | 200 or More Employees and Participation by High-Level Personnel | +3 |
| (g)(2) | Cooperation and Acceptance | -2 |
| | **Total Culpability Score** | **6** |

<u>Calculation of Fine Range</u>:

| | |
|---|---|
| Base Fine (USSG § 8C2.4(a)(3)) | $3,238,748,199.69 |
| Multipliers (USSG § 8C2.6) | 1.2 (min) / 2.4 (max) |
| Fine Range (USSG § 8C2.7) | $3,886,497,839.63 to $7,772,995,679.26 |

        Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that the Stipulated Fine Amount is $2,331,189,703.78, which reflects a 40 percent reduction off the bottom of the otherwise-applicable Sentencing Guidelines fine range to account for the timely cooperation of AGI US and its parent entity, as discussed in greater detail below. (PA 5).    AGI US also agreed to pay the Stipulated Restitution Amount of $3,238,748,199.69 to victims listed on the restitution schedule at Exhibit G to the Plea

The Honorable Colleen McMahon                                                    -4-
July 5, 2023

Agreement and forfeit the Stipulated Forfeiture Amount of $463,063,086 to the United
States.

        As noted in the Plea Agreement, AGI US agreed, concurrent with the guilty
plea, to resolve an Administrative Action filed by the SEC relating to the criminal conduct
detailed in the Statement of Facts.  Pursuant to this resolution, AGI US agreed to pay a
civil monetary penalty of $675 million to the SEC.

        AGI US paid restitution to the victims listed on the restitution schedule at
Exhibit G to the Plea Agreement and exceeded the value of the Stipulated Restitution
Amount by over $1,887,550,009.  The Government has agreed to credit this additional
$1,887,550,009 against the Stipulated Fine Amount.  (PA 5).  The Government has also
agreed to credit AGI US's $675 million civil monetary penalty to the SEC against the
Stipulated Final Amount.  (*Id*.).  In addition, AGI US has committed, until and unless it is
dissolved, to cooperate fully with the Government in any and all matters relating to the
conduct described in the Plea Agreement and to promptly report any evidence or
allegations it learns of concerning conduct that may constitute a violation of the securities
laws involving employees or agents of AGI US.  (*Id*. at 8).

III.    **The Proposed Sentence Is Sufficient But Not Greater Than Necessary**

        The parties respectfully submit that a particularized consideration of the
factors set forth in 18 U.S.C. § 3553(a) demonstrates that the proposed sentence, which
combines a significant criminal penalty, restitution, and forfeiture with commitments that
AGI US will cooperate in the prosecution of the Individual Defendants and report any
evidence or allegations of violations of the securities laws involving employees or agents
of AGI US, is sufficient but not greater than necessary to comply with the purposes of
sentencing for the defendant.  As a result of the guilty plea, AGI US has also been
automatically disqualified for 10 years from acting as an investment adviser to any mutual
fund or closed-end fund or as a principal underwriter for any mutual fund or closed-end
fund.  Consequently, AGI US plans to dissolve as a legal entity shortly after sentencing.

        In arriving at the proposed sentence in the Plea Agreement, the parties
considered the application of guidance issued by the Department of Justice for the
evaluation of cases involving corporate charges and, as a result, the proposed sentence
avoids unwarranted sentencing disparities among similarly situated defendants.  *See* Justice
Manual    9-47.120,    available    at    https://www.justice.gov/criminal-
fraud/file/1562831/download ("Corporate Enforcement and Voluntary Self-Disclosure
Policy" or the "Policy"); 18 U.S.C. § 3553(a)(6).  The proposed sentence is also appropriate
given the nature and circumstances of the offense, the history and characteristics of AGI
US, and the need for deterrence of similar conduct.  *See* 18 U.S.C. §§ 3553(a)(1) & (a)(2).

The Honorable Colleen McMahon                                          -5-
July 5, 2023

### A. Consideration of the 3553(a) Factors Supports the Sentence

The proposed sentence for AGI US is sufficient, but not greater than necessary, based on the factors set forth in 18 U.S.C. § 3553(a).  The sentence reflects the seriousness of the offense, protects the investing public, and deters control failures at other companies while incentivizing those companies to voluntarily disclose misconduct prior to the initiation of an investigation.  The 40 percent reduction off of the lower range of the Guidelines is also appropriate given that AGI US is not a repeat offender and has assisted the Government by fully cooperating in the investigation.  AGI US has further demonstrated a commitment to compensate the victims of this fraudulent scheme and implement heightened controls and additional procedures and policies relating to the review of client communications.

### B. Application of the Corporate Enforcement and Voluntary Self-Disclosure Policy Avoids Unwarranted Sentencing Disparities

As noted above and set forth in the Plea Agreement, the proposed criminal penalty includes a 40 percent reduction off the bottom of the otherwise-applicable Sentencing Guidelines fine range.  This reduction reflects AGI US's performance across key factors considered by the Government when considering corporate resolutions, including the remedial measures AGI US undertook to improve their internal controls, AGI US's resolution of a parallel investigation by the SEC, and AGI US's cooperation in the Government's investigation of the conduct set forth in the Statement of Facts.  *See* Corporate Enforcement and Voluntary Self-Disclosure Policy ¶¶ 2-3.  Pursuant to this Policy, the 40 percent reduction is less than the maximum of a 50 to 75 percent reduction for a company that has voluntarily self-disclosed, cooperated, and timely and appropriately remediated, and less than the maximum of a 50 percent reduction under the Policy for a company that has cooperated and timely and appropriately remediated, but which did not voluntarily disclose the relevant misconduct.  *See id*.  Finally, the crediting of AGI US's payments to the SEC and investors against the Stipulated Fine Amount and Stipulated Restitution Amount comports with Department of Justice policy regarding coordination of penalties and payments arising from the same misconduct, and specifically the goal of avoiding "unnecessary imposition of duplicative fines, penalties, and/or forfeiture against the company."  *See* Justice Manual 1-12.100, available at https://www.justice.gov/jm/jm-1-12000-coordination-parallel-criminal-civil-regulatory-and-administrative-proceedings#1-12.100.

The Honorable Colleen McMahon                                    -6-
July 5, 2023

**IV.    Conclusion**

        For the reasons set forth herein, the parties respectfully request that the Court impose the proposed sentence.

                               Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:      /s                   /s/ James M. McDonald
        Nicholas Folly               James M. McDonald
        Margaret Graham          Stephanie G. Wheeler
        Allison Nichols            Sullivan & Cromwell LLP
        Assistant United States Attorneys  (212) 558-3030
        (212) 637-1060/ 2923/ 2366

Cc:    John Viggiano, Esq.
       (Allianz Global Investors U.S. LLC)